**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS AGUILAR MEDINA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 5:26-cv-04021-DKW-ACCV<br><br>**FURTHER ORDER GRANTING IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

On October 4, 2026, Petitioner Carlos Aguilar Medina, represented by counsel, filed a First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 11. On the same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order. Dkt. No. 12. In those filings, Petitioner argued, among other things, that he was detained in violation of his substantive due process rights. *See* Dkt. No. 11 at pgs. 30–31. Petitioner sought, among other things, his "immediate release from custody on reasonable conditions of supervision . . . and without an ankle monitor." *Id.* at pg. 33.

On October 13, 2026, the Court granted a temporary restraining order and ordered Petitioner's immediate release, subject to reasonable conditions of supervision, other than an ankle monitor. Dkt. No. 21. Petitioner was released from

custody the same day. *See* Dkt. No. 24. After ordering briefing on Petitioner's request for a preliminary injunction, Dkt. No. 23, the court converted the temporary restraining order to a preliminary injunction, Dkt. No. 29. At the same time, the Court ordered the parties to identify any issues that remain for the Court to resolve. *Id.* The Court has received and appreciates Petitioner's Response. Dkt. No. 30.

Because Petitioner has already been released, the Court finds that any remaining claims are now moot. *Alexeev v. Sessions*, No. EDCV18-619, 2018 WL 5858630, at *1 (C.D. Cal. June 12, 2018) (denying habeas petition as moot where immigration detainee received conditional release). The fact that Petitioner might remain under an order of supervision does not necessarily render him "in custody" for purposes of 28 U.S.C. § 2241. *See Shentu v. Dir., ICE Honolulu Field Off.*, No. CV 26-00137, 2026 WL 1296036, at *1 (D. Haw. May 12, 2026) (rejecting argument that conditions imposed under Intensive Supervision Appearance Program satisfied 28 U.S.C. § 2241's custody requirement).

Given the circumstances of this case, IT IS ORDERED that:

(1) The First Amended Petition is GRANTED as to the third claim for relief claiming a violation of the Fifth Amendment, and all remaining counts are DENIED without prejudice as moot;

(2) Respondents are enjoined from re-arresting or re-detaining Petitioner absent compliance with constitutional protections; and

(3) Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(4) Judgment is to be entered accordingly.

DATED: November 9, 2026 at Honolulu, Hawaii.

Derrick K. Watson
Chief United States District Judge